# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  58251-1-II |
| Respondent, | |
| v. | |
| OVIDIO PEREZ, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, P.J. — Ovidio Perez appeals his sentence for attempted first degree murder, arguing that multiple legal financial obligations (LFOs) should be stricken from his judgment and sentence. The State concedes that the crime victim penalty assessment (CVPA), criminal filing fee, jury demand fee, DNA collection fee, community custody supervision fee, and interest on those LFOs should be stricken from his judgment and sentence. We accept the State's concession, reverse the imposition of the challenged LFOs and interest on those LFOs, and remand to the trial court to strike those LFOs and interest on those LFOs from Perez's judgment and sentence.

Perez also argues, and the State agrees, that the trial court should reconsider imposing the fine and interest on restitution. We also agree and remand to the trial court to reconsider imposition of the fine and interest on restitution.

FACTS

In 2008, Perez was convicted of attempted first degree murder and first degree assault. Perez appealed.  *State v. Perez*, noted at 152 Wn. App. 1025, 2009 WL 3004542 at \*2.  We

affirmed Perez's convictions, but we determined that double jeopardy required the lesser conviction for first degree assault be vacated and remanded for resentencing. *Perez*, 2009 WL 3004542 at \*3-4.

In 2010, Perez was resentenced. The resentencing court imposed the following LFOs: $500 CVPA, $200 criminal filing fee, $250 jury demand fee, and $100 DNA collection fee. The resentencing court also ordered Perez to pay community custody supervision fees, imposed a $500 fine, and ordered interest on all LFOs, including restitution. In 2023, Perez filed a notice of appeal. A commissioner of this court granted Perez's motion to enlarge time to file an appeal.

ANALYSIS

A.    CHALLENGED LFOS AND INTEREST ON THOSE LFOS

Perez argues that the challenged LFOs and interest on those LFOs should be stricken from his judgment and sentence. The State concedes. We accept the State's concession; reverse the CVPA, criminal filing fee, jury demand fee, DNA collection fee, community custody supervision fees, and interest on these LFOs; and remand to the trial court to strike these LFOs and interest on these LFOs from Perez's judgment and sentence.

In 2018, the legislature prohibited imposing the $200 criminal filing fee and the jury demand fee on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 739, 426 P.3d 714 (2018); LAWS OF 2018, ch. 269, §§ 9, 17(2)(h). Then, in July 2022, community custody supervision fees were no longer authorized. LAWS OF 2022, ch. 29, § 7. And as of July 2023, the CVPA may not be imposed on indigent defendants and the DNA collection fee is no longer authorized. LAWS OF 2023, ch. 449, §§ 1, 4. Legislative changes to the statutes governing LFOs apply to cases on direct appeal. *Ramirez*, 191 Wn.2d at 749.

The State concedes that the CVPA, criminal filing fee, the jury demand fee, DNA collection fee, community custody supervision fees, and interest on those LFOs should be stricken from Perez's judgment and sentence. Because Perez's case is on appeal and the challenged LFOs are no longer authorized by the legislature, we accept the State's concession. Accordingly, we remand to the trial court to strike these challenged LFOs and interest on these challenged LFOs.

B.     FINE AND RESTITUTION INTEREST

Perez also argues that on remand the trial court should reconsider whether to impose the $500 fine and interest on restitution. The State agrees that the fine and interest on restitution should be reconsidered on remand. We agree.

In 2022, the legislature amended RCW 10.82.090 to give the superior court discretion to waive interest on restitution. LAWS OF 2022, ch. 260, § 12. Further, while fines may still be imposed, the superior courts are encouraged to consider the defendant's ability to pay and the barriers LFOs impose on defendants when determining whether to impose a fine. *State v. Clark*, 191 Wn. App. 369, 375-76, 362 P.3d 309 (2015). Therefore, we accept the State's concession that the trial court should reconsider on remand whether to impose the $500 fine and interest on restitution.

We reverse the CVPA, criminal filing fee, jury demand fee, DNA collection fee, community custody supervision fee, and interest on those LFOs and remand to the trial court to strike those LFOs and interest on those LFOs from Perez's judgment and sentence. Also, on remand, the trial court should reconsider imposing the $500 fine and interest on restitution.

No. 58251-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Glasgow, J.

Che, J.